**E-FILED on** 2/22/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WORLDPORT COMMUNICATIONS, INC., INTERCONTINENTAL EXCHANGE, INC., TELENATIONAL CORP., MILTEL, and WORLDPORT/ICX, INC.,<br><br>Defendants. | No. C-02-00144 RMW<br><br>**[Re Docket No. 31]**<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION |
| AND | |
| CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIAL-THRU INTERNATIONAL,<br><br>Defendant. | No. C-02-00142 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION |

On November 27, 2007, plaintiff Cygnus Telecommunications Technology, LLC ("Cygnus") filed a motion seeking a permanent injunction against Telenational Corp. ("Telenational") and Rapid Link, Inc., formerly known as Dial-Thru International, Inc. Cygnus also asks the court to change the

United States District Court
For the Northern District of California

1  caption in Case No. 02-00144 as follows: "Cygnus Telecommunications Technology, LLC v.
2  InterContinental Exchange, Inc.; and its successors, Chris Canfield; Telenational Communications,
3  Inc.; and Rapid Link, Inc." This caption change entails deleting WorldPort Communications, Inc.,
4  WorldPort/ICX and Militel and adding the following, claiming that they are successors to ICX:
5  Chris Canfield, a founder of ICX; Telenational; and Rapid Link, a defendant from Case No. 02-
6  00142. The court denies this request.

7  The factual background for this motion is set forth in the court's recent Order Denying
8  Plaintiff's Motion for Payment of Royalties dated February 22, 2008 ("Royalty Order"), which ruled
9  on Cygnus's motion asking the court to award royalties for use of Cygnus's patents from
10 Telenational on behalf of Rapid Link. Plaintiff's theory here is similar to the theory advanced in
11 support of the prior motion: (1) that Telenational and Canfield, who prior to October 31, 2001
12 owned ICX, are subject to a consent judgment entered against ICX on July 8, 2002 in Case No. 02-
13 00144 ("Consent Judgment"); and (2) that by virtue of having acquired Telenational in May 2006,
14 Rapid Link is also subject to that Consent Judgment.[1]

15 Defendant in Case No. 02-00142, Rapid Link, joined by Canfield and Telenational, opposes
16 this motion on the grounds that none of them was a party to the July 8, 2002 Consent Judgment. As
17 the court determined in its Royalty Order, Rapid Link, Canfield and Telenational did not sign the
18 Consent Judgment, are not referenced by the Consent Judgment, and Cygnus has not established that
19 Rapid Link, Canfield or Telenational are in privity with or successors in interest that are subject to
20 the Consent Judgment. Based on the evidence before the court (the same evidence presented for the
21 court's consideration of the Royalty Order), at the time of the Consent Judgment, WorldPort did not
22 own Telenational and Canfield no longer had an interest in the WorldPort entities. The court
23 declines to reconsider its decision on the basis of Cygnus's present motion. Accordingly, the court
24 denies Cygnus's motion to alter the caption of this case. Nothing in this order precludes Cygnus
25 from filing an action or making a motion to allow it to allege and prove that the unnamed defendants

---

[1] Cygnus also argues that this court's March 29, 2007 Order in Case No. 02-00142 which held Cygnus's patents in suit to be invalid under the on-sale bar of 35 U.S.C. § 102(b) is in error. Cygnus has now appealed the judgment in Case No. 02-00142 to the Federal Circuit. Thus, Cygnus's arguments directed toward the merits of the court's decision are not relevant to the instant motion.

are alter-egos or were in privity with one of the parties to the Consent Judgment at the time it was entered. The court has concluded at this time that Cygnus has not so proven.

As to Cygnus's motion for a permanent injunction, the court finds that it does not have personal jurisdiction over Canfield. He was never a party to any case filed by Cygnus and has never been served. To the extent the court would be required to reach the merits of any injunction, it finds that Cygnus cannot show that it has or will suffer any irreparable injury. The court has ruled (1) that the patents-in-suit are invalid and (2) nothing binds Rapid Link, Canfield and Telenational to any agreement not to contest the validity of those patents. The court's invalidity ruling is on appeal to the Federal Circuit. While Cygnus may seek to renew its motion should the appellate court reverse this court's ruling, the court now finds that in light of its invalidity ruling, Cygnus cannot meet the first requirement of an irreparable injury for purposes of satisfying the four-factor test for a permanent injunction. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 1839 (2006) ("A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction").

**ORDER**

For the foregoing reasons, Cygnus's motion for permanent injunction is denied without prejudice.

DATED: 2/22/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

John P. Sutton                johnpsutton@earthlink.net

**Counsel for Defendants:**

Robert L. Esensten            resensten@wcclaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/22/08                                    /s/ MAG
                                                **Chambers of Judge Whyte**